UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X   NOT FOR PUBLICATION

TOMASZ ZYGMUNT,

                Plaintiff,                    **TRANSFER ORDER**

    -against-

CHERYL FULMER,                               10 Civ. 2004 (BMC)(LB)

                Defendant.

----------------------------------------------------------------X

**COGAN**, District Judge:

On May 3, 2010, plaintiff Tomasz Zygmunt filed this *pro se* action against defendant Cheryl Fulmer, an employee of the State of New Jersey, Division of Taxation. Plaintiff paid the filing fee to commence this action. While most of the complaint consists of nonsensical claims, plaintiff attaches documents indicating that he challenges the collection of taxes by the State of New Jersey based on plaintiff's employment in Jersey City, New Jersey.

Pursuant to the venue provision governing federal question jurisdiction, this action must be filed in the judicial district where defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred. See 28 U.S.C. § 1391(b). Here, defendant Fulmer is employed by the State of New Jersey and the events giving rise to the claim occurred in the State of New Jersey.[1]

Accordingly, this case is hereby transferred to the United States District Court for the District of New Jersey. See 28 U.S.C. §§ 110; 1406(a) (district court may transfer a case filed in the wrong district to any district in which it could have been brought). That provision of Rule

---

[1] The Court notes that the "Tax Injunction Act and principles of comity preclude a party from pursuing any legal or equitable challenge to state tax laws and policies in federal court if a plain, adequate and complete remedy may be had in state court." Dourlain v. Comm'r of Taxation & Fin., 133 Fed. Appx. 765, 768 (2d Cir. 2005). And at least for New York, the Supreme Court has held that New York law affords a "plain, speedy and efficient means to address constitutional challenges to state tax actions." Tully v. Griffin, Inc., 429 U.S. 68, 76-77, 97 S. Ct. 219 (1976).

83.1of the Local Rules of the Eastern District of New York which requires a five-day delay is waived.

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
U.S.D.J.

Dated: Brooklyn, New York
      May 14, 2010